**STRONG v. SCHRANER.**

No. 6284.

Circuit Court of Appeals, Sixth Circuit.

Nov. 13, 1933.

H. W. Fraser, of Toledo, Ohio (Fraser, Hiett, Wall & Effler and Lee H. Schminck, all of Toledo, Ohio, on the brief), for appellant.

W. C. Keough, of Cleveland, Ohio (Mooney, Hahn, Loeser, Keough & Beam, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

Appellant and Ingersoll were jointly interested in the development and sale of a lapping machine to polish or hone automobile crank-shafts. Appellant conceived the idea of the machine and imparted it to Ingersoll. The two agreed that Ingersoll should make arrangement for the manufacture of the machine upon condition that he be given the exclusive selling agency and that appellant should not be a party to such arrangement, but that commissions earned on sales should be equally divided between them and payment thereof made "directly to us" by the manufacturer. The contract contemplated that each of the parties should actively engage in promoting sales, and further, that any necessary expense incurred in connection therewith should be borne equally by them. Ingersoll made arrangement with appellee to manufacture the machine and later agreed to sell it for stipulated commissions. Appellant was not a party to either agreement. Appellee paid Ingersoll all commissions earned under the sales agreement, and appellant thereafter brought this action against the appellee to recover from him an amount equal to the commissions thus paid.

The petition alleged an express contract with the appellee and alternately an implied contract arising out of appellee's knowledge of appellant's contract with Ingersoll. The answer denied the making of either an express or an implied contract and affirmatively set forth certain acts of appellant as constituting estoppel. We pass as unnecessary to consider the legal consequences of these acts. It is enough for the purpose of decision that we deal with appellee's obligations. As to them, we need go no further than state our conclusions as to the effect of the evidence. Undoubtedly the appellee agreed to pay Ingersoll commissions for selling the

machine, but there is no evidence to show that he ever entered into a contract with the appellant or ever agreed to pay him any commission; indeed, although the appellant had drafted the initial sketch of the machine and was interested in having it developed and sold, he not only did not seek to enter into an agreement with the appellee, as manufacturer, but expressly agreed with Ingersoll that the contract with the manufacturer should be made with him alone. The trial court was therefore obviously right in directing a verdict as to that part of the action based on an express contract.

The claim of an implied obligation is based on appellee's knowledge of appellant's contract with Ingersoll providing that the commissions should be divided between the two and paid directly to them by the manufacturer. On this point we think the evidence is legally insufficient, for although appellee was advised of the existence of this contract, it appears that the information was not given him until after he was bound under contract to pay the commissions to Ingersoll. The contract with Ingersoll was never modified or changed so as to make appellee responsible to appellant and we know of no principle of law that required appellee to breach it in order to protect appellant against Ingersoll. The action not being one for damages for infringement of a patent, misappropriation of an invention by fraud, or for breach of trust, but for breach of an express or implied contract, neither of which was established, the trial court rightly directed a verdict for the defendant.

The judgment is affirmed.